UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 1:21-cr-089-CEA-SKL-1 |
| v. | ) |
| | ) |
| | ) |
| CHRISTOPHER DWAIN RIVERS | ) |

## ORDER

The Court appointed Attorney Daniel J. Ripper as substitute counsel for Defendant Christopher Dwain Rivers ("Defendant") [Doc. 53] following the third instance of an appointed attorney being relieved as counsel for Defendant due to issues surrounding Defendant's inability to work with each attorney. On July 7, 2023, an extensive hearing was held on Defendant's pro se motion for substitute appointed counsel [Doc. 59]. Present for the hearing were AUSA Joe DeGaetano, Defendant, and Attorney Ripper. The government opposed Defendant's pro se motion for yet another substitute counsel, objecting to further delay of the resolution of this matter.

During the hearing, Defendant was advised of his privilege against self-incrimination and duly sworn according to law. Both Attorney Ripper and Defendant explained the issues underlying the motion. Defendant, yet again, appears to be disgruntled and mistrust his attorney without good cause for doing so. Defendant expressed dissatisfaction with Attorney Ripper's refusal to file a certain motion and essentially asked for substitute counsel who would file the motion. Attorney Ripper explained his consideration of the motion Defendant wishes him to file and his conclusions he could not ethically file the motion. Defendant addressed his continuing interest in having the rejected motion filed and his current refusal to work with his attorney. Defendant again, and

inexplicably, accepts no responsibility for his inability to work with what is his fifth appointed counsel. Attorney Ripper explained his efforts on Defendant's behalf and communications with Defendant. Defendant's dissatisfaction with Attorney Ripper is misguided. It appears, despite Defendant's attitude and demeanor, Attorney Ripper has been communicating with, and diligently working on behalf of, Defendant to the extent he is able to do so given Defendant's lack of cooperation. Defendant repeatedly expressed he would refuse to work with Attorney Ripper and ask for substitute counsel but expressed no interest in representing himself in this matter when asked.

Based on a full consideration of the matter, the Court **FINDS** Attorney Ripper has been communicating with, and diligently working in the best interests of, Defendant. As addressed during the hearing, the Court **FINDS** that there is no valid conflict between Attorney Ripper and Defendant that results in a total lack of communication preventing an adequate defense. The Court further **FINDS** that Defendant has not provided well-founded reasons or good cause for appointment of, yet another, substitute counsel. Attorney Ripper indicated he could, and would, continue to represent Defendant consistent with his ethical obligations.

Accordingly, for the reasons set forth above and in more detail in the hearing, Defendant's pro se motion for substitute appointed counsel [Doc. 59] is **DENIED**.

SO ORDERED.

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE